(87 Misc. Rep. 25)

In re FARLEY, State Excise Com'r.

(Supreme Court, Oneida County, at Chambers.　September 15, 1914.)

Intoxicating Liquors (§ 106*) — Liquor Tax Certificate — Expiration — Cancellation—Statutes—Construction.

　　Liquor Tax Law (Consol. Laws, c. 34) § 15, subd. 8, provides that if the violation of law, for which a liquor tax has been canceled, was that any person, while the holder of a certificate issued for the premises in question or his agent, had suffered or permitted the premises to become disorderly, no new certificate shall be issued for the premises to any person, and no person shall traffic in liquor in the premises for one year from the date of the entry of a final order canceling the certificate, or from the date of the conviction of any person while the holder of a liquor tax certificate issued for the premises in question or his agent for a violation of section 1146 or any section under article 88 of the Penal Law (Consol. Laws, c. 40). Held that, since the forfeiture consequent on the conviction of any person while the holder of a certificate or his agent for violating Penal Law, § 1146, limits the conviction to a time within the life of the certificate, and the language providing for the cancellation or revocation of the certificate on its face provides for the cancellation of an existing certificate, the commissioner of excise could not maintain a proceeding to cancel a liquor tax certificate begun after the certificate had expired by limitation, merely to prevent the issuance of a new certificate for the same premises, on the ground that the certificate holder's agent had been convicted of an offense which would have led to such result had the proceedings to cancel the certificate been instituted before its expiration.

　　[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 113, 115; Dec. Dig. § 106.*]

Petition by William W. Farley, State Excise Commissioner, for an order revoking and canceling Liquor Tax Certificate No. 16,409, issued to John Jacobs.　Denied.

This is a proceeding for an order revoking and canceling a liquor tax certificate, begun after the term of the certificate had expired.　The certicate was issued October 1, 1912, and expired September 30, 1913. The petition and order to show cause were served, or are alleged to have been served, upon John Jacobs by the delivery of a copy of the same upon one Floyd Persette, a person said to be in charge of the premises, on the 1st day of May, 1914.　The order to show cause was

returnable May 8, 1914, and the matter has been postponed from time to time till to-day. The holder of the existing certificate for the premises was allowed to intervene and answer. The owner of the premises was given an opportunity to intervene, but neglected to avail herself of the same.

It is alleged in the petition that from the 1st day of September, 1912, to the 1st day of May, 1913, Jacobs suffered and permitted such premises to become and remain disorderly, and that, among other things, Floyd Persette, the agent of Jacobs, was convicted of the crime of violating section 1146 of the Penal Law from December 1, 1912, to and including May 1, 1913, at such premises. The indictment was found October 24, 1913, and Persette was adjudged guilty of the crime charged in the indictment February 19, 1914, on a plea of guilty.

On the trial the petitioner put in evidence a certified copy of the record of the conviction of Persette and rested. No evidence was introduced on the part of the certificate holder, except to show that Jacobs was dead before the order to show cause was granted, and that there was no legal representative of his estate.

A. M. Sperry, of Albany, and H. B. Chase, of Massena, for petitioner.

John F. Gaffney, of New York City, for respondent.

DE ANGELIS, J. The petitioner claims that he is entitled to the relief sought by virtue of subdivision 2 of section 27 and subdivision 8 of section 15 of the Liquor Tax Law.

The petitioner maintains that the Legislature has provided that where it had been determined, in a proceeding to revoke a liquor tax certificate, that the premises at which the traffic was carried on under the certicate had been permitted to become disorderly by the holder of the certificate or his agent during the term of the certificate, or where the holder of the certificate or his agent had been convicted of violating section 1146 of the Penal Law, and the indictment upon which the conviction was had charged the offense as having taken place during the term of the certificate, although the term of the certificate had expired before the proceeding for revocation had been begun or the order for revocation had been made, and although the indictment had not been found nor the judgment of conviction obtained till the term of the certificate had expired, no person could traffic in liquor in such premises for the period of one year from the date of the entry of the order of revocation or from the date of the entry of the judgment of conviction.

The basis for the legislation, as it is claimed to exist, is the probability that the inhibition of the liquor traffic in such a place for the period of a year would tend to break up the immoral practices. The motive and effect of such legislation are undoubtedly praiseworthy. In some cases, and quite likely in most cases, if those charged with the duty of enforcing the law were diligent, such places would be deprived of licenses to traffic in liquor for a year under the law as it stands, assuming the construction of the law, as hereinafter set forth, to be correct. Ordinarily, within the life of a liquor tax certificate,

proceedings for revocation, where this offense is alleged, could be prosecuted to a final order, or convictions in criminal actions for this offense could be had, and in such cases the traffic in liquor could be prevented for the period of a year in the certificated premises.

By means of the legislation in question, a penalty is sought to be inflicted, and legislation of that character should be reasonably clear in its terms and not left to doubtful inferences.

The first act of the Legislature bearing on the subject in controversy was chapter 677 of the Laws of 1905, which added a paragraph at the end of subdivision 8 of section 17 of the Liquor Tax Law of 1896 (chapter 112), as theretofore amended, but the inhibition as to the place of sale only applied to the certificate holder and his family, agent, servant, employé, or any other person representing him. Chapters 144 and 350 of the Laws of 1908 extended the inhibition to any person. Chapter 39 of the Laws of 1909 incorporated the Liquor Tax Law, with some changes, into the consolidated laws as chapter 34 thereof. Section 17 became section 15 of the new law, and section 28, the section providing for the proceeding for the revocation of a liquor tax certificate, became section 27. Chapter 281 of the Laws of 1909 purports to, but does not in fact, amend section 15. Chapter 485 of the Laws of 1910 makes some changes in subdivision 8 of section 15, providing for the forfeiture of the certificate in the case of the conviction of the agent of the certificate holder for violating section 1146 of the Penal Law, and adding, after the words "no new certificate shall be issued for said premises to any person," the words "and no person shall traffic in liquor in said premises." Chapter 503 of the Laws of 1910 amends the statute, but does not affect the question here involved. The same is true of chapter 643 of the Laws of 1911. But chapter 378 of the Laws of 1912 is claimed to have made a radical change in subdivision 8 of section 15, and to justify the relief for which the petitioner contends. This is the pertinent language of the provision as amended:

"And if the violation of law for which the cancellation or forfeiture of said certificate was had was that any person while the holder of a liquor tax certificate issued for said premises or his agent had suffered or permitted said certificated premises * * * to become disorderly * * * no new certificate shall be issued for said premises to any person and no person shall traffic in liquor in said premises for the period of one year from the date of the entry of a final order canceling such certificate, or from the date of the conviction of any person while the holder of a liquor tax certificate issued for said premises or his agent for a violation of section eleven hundred and forty-six or any section under article eighty-eight of the Penal Law."

A consideration of the two modes of terminating a liquor tax certificate or license before maturity, separately, may help solve the problem.

The forfeiture consequent upon the conviction of any person, while the holder of a liquor tax certificate or his agent, for violating section 1146 of the Penal Law, limits the conviction to a time within the life of such liquor tax certificate. This must be so by reason of the explicit language of the statute, to wit, "from the date of the conviction of any person *while the holder of a liquor tax certificate* (the

italics are mine) issued for said premises or his agent." The construction of the language suggested seems to me to harmonize with the ordinary meaning that would occur to one in reading the provision (that is, the natural meaning of the language), as well as to be demanded by the express terms of the statute.

The language providing for the cancellation or revocation of a liquor tax certificate is not so explicit, but read in the ordinary way, without an effort to force a particular construction upon it, it provides for the cancellation of an existing liquor tax certificate, and not one whose life is spent.

But it is said that the not unusual discovery of the fact that certificated premises are disorderly so late in the life of a liquor tax certificate that a conviction cannot be had in a criminal action or a final order in a civil proceeding would result in thwarting the benign design of the Legislature, if the natural meaning of the language of the statute, as indicated above, is adopted. It is said that in such case a new certificate could be given for the premises, invulnerable against attack for the immoral character of the place, although, immediately preceding the expiration of the former certificate, the place was unquestionably disorderly. That is all true, but such a result would not justify a court in distorting language and attempting to arrogate to itself the legislative function. Besides, there would not be so much disaster in the construction I am seeking to sustain as might at first blush seem to follow. If the immoral practices continued under the new certificate, the full penalty of the law could be imposed. Again, in any event, the offenders against the law could be indicted and convicted for their misconduct, although the liquor tax certificate may have expired, so long as the statute of limitations had not run. Again, an action could be brought and maintained to recover the penalty provided by section 16 of the Liquor Tax Law, after a certificate had expired, provided the action was commenced within nine months after the cause of action for the immoral practice accrued.

It is true that I have expressed views in a memorandum in some former cases, heard together, conflicting somewhat with the views here expressed, but in those cases the proceedings were instituted before the certificates had expired, and the conclusion there reached could be sustained on the theory that the final orders determined the status of the certificates at the time the proceedings were begun. I think the application should be denied.

Ordered accordingly.